IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

SCARLETT RENEE BIGBEE, )
)
    Plaintiff )
)
)  CASE NO. 3:09cv1118
v. )
)  JURY DEMAND
VANDERBILT UNIVERSITY )
VANDERBILT UNIVERSITY HOSPITAL, )
)
    Defendant. )

## PROPOSED INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01, counsel for Vanderbilt University and Vanderbilt University Hospital ("Defendants") and counsel for Scarlett Renee Bigbee ("Plaintiff") submit this Initial Case Management Order.

**I.   Jurisdiction.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this Court.

**II.   Parties' Theory of the Case.**

    **1. Plaintiff's Theory of the Case**

Ms. Bigbee began working at Vanderbilt University Medical Center in 1990 in a Clerk IV position. She was a dedicated employee at Vanderbilt until her involuntary termination on December 11, 2007. Ms. Bigbee performed her job at Vanderbilt in a competent and satisfactory manner.

Plaintiff suffers from severe hypertension, which substantially limits one or more life activities, including but not limited to tolerating undue stress, lifting, and some

respiratory function. Plaintiff was otherwise qualified to perform the essential functions of the jobs she held.

She was terminated for excessive absenteeism, yet her absences had been excused and were covered by properly approved time off or FMLA time. At the time of her termination, she was a seventeen year employee who had been promoted multiple times and was earning $16.66 per hour.

Ms. Bigbee asserts she is covered under the Americans with Disabilities Act because of her ongoing bouts of hypertension. Ms. Bigbee's co-workers expressed hostility toward Ms. Bigbee's taking approved time off from work under FMLA.
Ms. Bigbee was openly berated by other employees and was made the butt of jokes by her peers and her supervisor for having been away from work due to approved health issues or FMLA.

Ms. Bigbee was harassed by co-workers, one of which informed Ms. Bigbee "don't think I'm going to make it easy on you, bitch" after Ms. Bigbee returned from an approved absence.

Ms. Bigbee complained of the harassment to her supervisor, who furthered the harassment and announced openly to and in the presence of other employees that someone had complained about harassing Ms. Bigbee and they would have to stop. Ms. Bigbee was pregnant during a portion of the time the harassment was taking place.

Ms. Bigbee was terminated December 11, 2007, after returning to work from an excused absence from bereavement leave from attending her grandmother's funeral.

Defendant discriminated against Plaintiff in violation of the ADA. Defendant is a covered employer under the FMLA. Plaintiff was eligible for and entitled to FMLA

leave. Plaintiff provided certification of her condition from her health care provider. Defendant's purported reasons for discharging Plaintiff are pretexts for discrimination and/or retaliation in violation of the ADA and/or the FMLA.

In discharging Plaintiff, Defendant failed to provide her the required notices of her rights and denied her benefits to which she was entitled under FMLA; failed to engage in a good-faith, interactive process with her designed to identify reasonable accommodations of her disability; and failed to reasonably accommodate her in violation of the ADA.

In engaging in the willful conduct described herein, Defendant acted intentionally, maliciously, willfully, and with reckless indifference to Plaintiff's protected rights.

As a result of Defendant's conduct described herein, Plaintiff suffered damages.

**2. Defendant's Theory of the Case**

The proper defendant in this case is the Vanderbilt University ("Vanderbilt"). There is no separate legal entity known as Vanderbilt University Hospital. Vanderbilt terminated Plaintiff's employment because she violated its established Attendance and Punctuality Policy ("Attendance Policy"). Plaintiff's absences were not covered under the FMLA, and Plaintiff had exhausted her FMLA leave at the time of her termination.

On April 12, 2007, Plaintiff received a written performance improvement counseling ("WPIC") for violating the Attendance Policy. Plaintiff had nine (9) occurrences from July 14, 2006 until January 29, 2007. An "occurrence" is an unscheduled absence that may involve consecutive days of absences without a return to work in between. During the above-referenced time period, Plaintiff actually had a total

of seventeen (17) days of unexcused absences. Plaintiff received a Written Performance Improvement Counseling ("WPIC") which clearly stated that she could have no more than three (3) occurrences (or 7 days of unexcused absences) in a 90-day period and no more than seven (7) occurrences (or twelve (12) days of unexcused absences) in a one-year period. Plaintiff understood that any additional violations of the Attendance Policy would result in a final performance improvement counseling ("FPIC").

Prior to the expiration of the WPIC, Plaintiff received a FPIC for accumulating nine (9) days of unexcused absences for a total of four (4) occurrences. The FPIC was effective for six (6) months from the issue date of September 7, 2007. Plaintiff was advised that any additional violation of Vanderbilt's Attendance Policy during the six-month period would result in Plaintiff's termination from employment. Plaintiff was off from work on an approved bereavement leave and was expected to return to work on December 7, 2007. However, she did not return to work until December 11, 2007. In accordance with its well-established attendance policy, Vanderbilt terminated Plaintiff's employment.

Plaintiff's termination from employment was based on legitimate business reasons. Plaintiff can produce no evidence to show that her termination was a violation of the FMLA, the ADA, or Title VII of the Civil Rights Act of 1964, as amended. Furthermore, Plaintiff can produce no evidence that she was a qualified individual with a disability or denied a reasonable accommodation under the ADA.

III. **Schedule of Pretrial Proceedings**

    A.    **Rule 26(a)(1) Disclosures**

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

    B.    **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C.    **Other Pretrial Discovery Matters**

As determined at the case management conference on May 24, 2010, this case is set for a jury trial on _May 17, 2011 at 9:00am_.

If this action is to be settled, the Law Clerk shall be notified by noon, _May 13, 2011_. If a settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _May 2, 2011 at 3:00pm_. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on December 3, 2010. All written discovery shall be submitted in sufficient time so that the response shall be in hand by December 3, 2010. All discovery related motions shall be filed by the close of business on December 10, 2010. No motions related to discovery or to a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive[1] motions, *including Daubert motions*, shall be filed by the close of business on January 5, 2011, and any response thereto shall be filed by the close of business on February 4, 2011. Any reply shall be filed by the close of business on February 11, 2011.[2] Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers to Megan_Gregory@tnmd.uscourts.gov.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admission is reduced from thirty (30) to twenty (20) days.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Local Rule 56.01, relating to motions for summary judgment.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01 of the Local Rules of Court shall govern.

By the close of business on ~~January 5, 2011~~ *October 1, 2010* [initialed], the plaintiff shall declare to the defendants (not file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on ~~February 4, 2011~~ *November 1, 2010* [initialed], the defendants shall declare to the plaintiff (not file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on ~~March 5, 2011~~ *December 1, 2010* [initialed]. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule 12(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

ENTERED this 27th day of May, 2010.

_____
WILLIAM J. HAYNES, JR.
United States District Judge