IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Scarlett Renee Bigbee )
    Plaintiff, )
)
vs. ) No. 3:09-01118
) JUDGE HAYNES
Vanderbilt University )
Vanderbilt University Hospital )
    Defendant )
)

MEMORANDUM

Plaintiff, Scarlett Renee Bigbee, filed this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et. seq.* ("ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et. seq.* ("FMLA") as well as Title I and Title VII of the Civil Rights Act, 42 U.S.C. §§1971 and 2000e *et. seq* against the defendant, Vanderbilt University. Plaintiff alleges that Defendant unlawfully terminated her for excessive absenteeism despite her approved FMLA leave for those absences; harassed her and allowed co-workers to harass her about her frequent absences due to her FMLA approved medical absences; and discriminated against her despite her ADA covered medical issues.

Before the Court is Defendant's motion to dismiss (Docket Entry No. 25) contending in sum that Plaintiff failed to exhaust her administrative remedies for her ADA claims and Plaintiff's complaint fails to state a claim under Title I or Title VII of the Civil Rights Act. In response, Plaintiff asserts that her EEOC filing was sufficient to exhaust available administrative remedies and her complaint alleges sufficient facts to state a claim under Title I or Title VII. (Docket No. 30)

## A. Analysis of Complaint

Plaintiff, Scarlett Bigbee, was an employee of Vanderbilt University Medical Center from 1990 until her termination on December 11, 2007. (Docket No. 5, Complaint at ¶6-7). At the time of her termination, Plaintiff had been employed at Vanderbilt for 17 years. Id. ¶13. At some point, Plaintiff developed severe hypertension that imposed serious physical limitations on her life. Id. ¶9. Plaintiff provided a physician's certification of her condition to the Defendant. Id. ¶24.

Plaintiff's co-workers expressed hostility about Plaintiff's absence from work on approved FMLA leave. Id. ¶15. Plaintiff was the subject of jokes and verbal harassment from a particular co-worker who threatened to make things difficult for the plaintiff. Id. ¶16-17. Plaintiff complained to her supervisor who allegedly furthered the harassment by openly announcing that someone had complained and telling Plaintiff's co-workers to stop any harassment. Id. ¶18.

On December 11, 2007 after returning to work from an excused bereavement leave to attend her grandmother's funeral, Defendant terminated Plaintiff. Id. ¶20. Plaintiff asserts that the Defendant's reason for her firing is pretextual and the actual reason was retaliation for ADA and FMLA leave. Id. ¶25. Plaintiff also alleges that the Defendant failed to provide her required notice of her rights, did not provide benefits under FMLA and failed to engage in a collaborative process to accommodate her disability. Id. ¶26. Plaintiff asserts that she filed a timely EEOC charge and received a right to sue letter within the time prescribed by law. Id. ¶29.

## B. Conclusions of Law

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted).

1. Exhaustion of Administrative Remedies

According to Plaintiff's complaint, she filed a timely EEOC charge. (Docket No. 5, ¶29). While a court is required accept all allegations as true when considering a motion to dismiss, this does not require the court to accept legal conclusions based upon a complaint. In re Travel Agent Comm'n Antitrust Litig., 583 F.3d at 903.

According to the EEOC file, Plaintiff's EEOC filing was not timely. (Docket No. 26-1). Plaintiff was fired by Defendant on December 11, 2007 for excessive absenteeism. Id. at 46. Plaintiff completed an EEOC intake form to begin the EEOC process of filing and that EEOC form was stamped received on September 29, 2008. Id. at 31. Plaintiff signed an acknowledgment of EEOC's notice that all charges must be filed within 300 days of the violation. Id. at 30. On September 30, 2008 Plaintiff's counsel received an EEOC letter that

Plaintiff did not file a formal charge and that the EEOC required more information to proceed. Id. at 28.

EEOC's file reflects an October 3, 2008 letter from Plaintiff's counsel with additional information about Plaintiff's claim. Id. at 38. Plaintiff's counsel's October 3, 2008 letter and Plaintiff's formal charge of discrimination are stamped as received on April 6, 2009. Id. at 22. Plaintiff signed her charge on "9/29/08" with "4/5/09" written above the September date.

The EEOC file reflects a partially completed "Notice of a Charge of Discrimination" dated October 3, 2008 and a more complete "Notice of a Charge of Discrimination" dated April 8, 2009. Id. at 25-26. This form includes a box that says "Enclosures: Copy of Charge," that is checked off in the April 8, 2009 form, but is not on the partially completed October 3, 2008 version. In an October 7, 2008 letter, the EEOC requested Plaintiff to sign and return a copy of the charge prepared by the EEOC. This letter also includes a warning, with every letter capitalized, that charges must be filed within 300 days of the allegedly discriminatory employment decision. Id. at 24.

By statute, Plaintiff must file her EEOC charge within 300 days of her termination. Reed v. ADM/MARTCO, 57 Fed. Appx. 682, 683 (6th Cir. 2003). The Supreme Court ruled that a complete EEOC intake questionnaire is not an EEOC charge:

> "Petitioner maintains the filing was still deficient because it contained no request for the agency to act. *Were the [EEOC] Intake Questionnaire the only document before us we might agree its handwritten statements do not request action.* The design of the form in use in 2001, moreover, does not give rise to the inference that the employee requests action against the employer. Unlike EEOC Form 5, the Intake Questionnaire is not labeled a "Charge of Discrimination," see *id.,* at 275. In fact the wording of the questionnaire suggests the opposite: that the form's purpose is to facilitate "pre-charge filing counseling" and to enable the agency to determine whether it has jurisdiction over "potential charges." *Id.*, at 265. There might be instances where the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is requested and

4

> required, but *the agency is not required to treat every completed Intake Questionnaire as a charge.*
>
> In this case, however, the completed questionnaire filed in December 2001 was supplemented with a detailed six-page affidavit. At the end of the last page, respondent asked the agency to "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their [new policy]." This is properly construed as a request for the agency to act...
>
> Here the combination of the waiver and respondent's request in the affidavit that the agency "force" the employer to stop discriminating against her were enough to bring the entire filing within the definition of charge we adopt here."

Federal Express Corporation v. Paul Holowecki, 552 U.S. 389, 405 (2008) (emphasis added). The intake questionnaire enables the EEOC to gather information and to determine its jurisdiction over the claim. Id. To constitute a valid EEOC charge, there must be a request for action either in the intake questionnaire or with supporting documentation. Id.

Here, Plaintiff's intake questionnaire is stamped as received on September 29, 2008 and does not request any action by the EEOC (Docket No. 26-1 at 3) and is insufficient to constitute an EEOC charge. Plaintiff failed to respond to the question "what is the name of your disability?" that was left blank. Id. Plaintiff's counsel's October 3rd letter was received on April 6th and would be analogous to the affidavit in Holowecki. Id. at 36.

Assuming counsel letter arrived on October 3rd,[1] In re Travel Agent Comm'n Antitrust Litig., 583 F.3d at 903, Plaintiff's counsel's letter attempts to add information to the intake questionnaire rather than make a clear request for agency action. For jurisdiction, the EEOC would clearly require more information than Plaintiff provided on the intake questionnaire. Although, Plaintiff's counsel's letter offers assistance and to provide further information, unlike

---

[1] There are two copies of the letter in the file. One contains the affirmation of the facts by Ms. Bigbee and is stamped as received on April 6. (Docket. No. 26-1 at 37). The other is identical in terms of the information provided but is not stamped as received nor does it contain Ms. Bigbee's signature verifying the contents. Id. at 39.

the affidavit in Holowecki, Plaintiff's counsel's letter does not request agency action or language so conclude.

To be sure, Plaintiff's counsel's letter refers to a "charge" delivered to the EEOC office on September 29, 2008. (Docket No. 26-1 at 37). Yet, given the EEOC's September 30th letter that Plaintiff still needed to file a charge with the EEOC and Plaintiff's acknowledgment of that fact on the intake questionnaire leads to the inference that the EEOC did not receive Plaintiff's formal charge until April 6, 2009, 480 days after Plaintiff's termination.[2]

This 300 days limitation is subject to the doctrines of estoppel, waiver and equitable tolling. Reed v ADM/MARTCO, 57 Fed. Appx. at 683 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). For such tolling, the Sixth Circuit requires consideration of five factors:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

Graham-Humphreys v. Memphis Brooks Museum of Art 209 F.3d, 552, 561 (6th Cir. 2000). This list is not comprehensive and all factors are not relevant in every case. Id.

In a factually similar action, the Sixth Circuit rejected a plea for equitable tolling:

> [Plaintiff] signed a form from the EEOC notifying him of the 300-day filing requirement in February 2001. Although it appears that there was a mix-up regarding an appointment for actually filing a charge, there is no indication that [Plaintiff] inquired about filing a charge again until three months later, by which time the period for filing a charge had expired. Thus, it does not appear that [Plaintiff] could show lack of knowledge of the filing requirement, or diligence in

---

[2] Plaintiff alleges giving the EEOC multiple items of correspondence on October 3rd that weren't stamped. Assuming this is true, that would include the letter supplementing the intake questionnaire discussed above, but not the EEOC charge form. Given the October 7th letter asking for the charge to be signed and returned and the absence of any correspondence (or allegation of correspondence that was not recorded) indicating that it was mailed before the stamped receipt date of April 6, the only reasonable assumption or inference that can be made is that the charge was not received by the EEOC until April.

pursuing his claim, in order to be entitled to equitable tolling. Abner v. General Motors, et al., 103 Fed. Appx. 563, 565 (6th Cir. 2004). Here, the EEOC arguably sent the actual charge to be signed a day after the deadline for filing a charge, and thereby caused Plaintiff's delayed filing. Yet as in Abner, Plaintiff signed an acknowledgement of the 300 day filing requirement. Plaintiff also had the assistance of counsel.

Based upon these facts, the Court concludes that the Plaintiff failed to exhaust her administrative remedies by filing a timely EEOC charge. Accordingly Defendant's motion to dismiss Plaintiff's ADA and Title VII and I claims should be granted.[3]

2. FMLA Claims

An employer is prohibited "from terminating an employee for taking FMLA guaranteed leave." Bryant v. Dollar General Corp., 538 F.3d 394, 398 (6th Cir 2008). When considering a motion to dismiss, the court is required to accept all factual allegations in the complaint as true. Courie v. Alcoa Wheel & Forged Prods., 577 F.3d at 629. Here, Plaintiff alleges that defendant terminated her for absences for which Plaintiff had FMLA approval. Plaintiff also cites her physician's certification of her medical condition. Id. ¶24.

Plaintiff's factual allegations state a claim under the FMLA. Bryant v. Dollar General Corp., 538 F.3d at fn. 3. ("Our circuit has repeatedly accepted such claims of retaliation for taking FMLA leave") citing Arban v. West Publ'g Corp., 345 F.3d 390, 403 (6th Cir.2003) ("there was sufficient evidence to support the jury's conclusion that West retaliated against

---

[3] Plaintiff asserts a claim under Title I of the Civil Rights Act of 1964. (Docket No. 1, ¶4) Title I concerns voting rights and is inapplicable here. 42 U.S.C. §1971.

Arban for taking leave under the FMLA"). Accordingly, Defendant's motion to dismiss FMLA claims should be denied.

For the reasons set forth above, the Defendant's motion for dismissal should be granted with regard to the ADA and Title I and VII claims and denied regarding plaintiff's FMLA claims.

An appropriate Order is filed herewith.

Entered this the ___20th___ day of October, 2010.

WILLIAM J. HAYNES, Jr.
United States District Judge